[Dkt. No. 72]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| RICK RUSSO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>    Defendants. | Civil No. 13-3911 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendants' City of Atlantic City and Anthony Cox (the "Defendants") motion for attorneys' fees pursuant to 42 U.S.C. § 1988.[1]  Because the Court writes only for the parties, it will set forth only a brief background of the case.

Plaintiff Rick Russo (the "Plaintiff"), filed an employment retaliation suit against his employer, Defendant City of Atlantic City and one of his supervisors, Defendant Anthony Cox.  Plaintiff based his First Amendment retaliation claim based on three instances of alleged protected speech: (1) his approval of a citation on a property in which Defendant Cox had an ownership

---

[1] Defendants failed to comply with Local Rule 54.2 which sets forth the manner and procedure for applications for the award of fees.  Because this Court denies the motion on substantive grounds, the Court does not address this procedural deficiency. See Barton v. Mid-Atl. Flooring Ventures Inc., Civ. No. 13-4592 (RMB/AMD), 2014 WL 6885976, at *2-4 (D.N.J. Dec. 4, 2014).

interest; (2) his request for an opinion from the International Property Maintenance Code Council in connection with an exemption Defendant Cox granted to the property; and (3) a grievance he submitted regarding his out-of-title status.  Upon Defendants' motion for summary judgment, the Court ruled that these three actions of alleged protected speech were performed by Plaintiff in his employment capacity as a Supervising Field Representative for Defendant City of Atlantic City, and the grievances were likewise related to employment matters as opposed to matters of public concern.  Accordingly, Plaintiff could not meet his burden of establishing that he engaged in protected speech in order to succeed on his First Amendment retaliation claim.  Further, the Court held that Plaintiff did not produce any evidence that the alleged adverse actions taken against him were retaliatory.

   In support of their motion for fees, Defendants contend that they made Plaintiff aware of the legal deficiencies of his First Amendment claim by a letter dated May 6, 2015.  More specifically, Defendants aver that because Plaintiff was made aware of the groundless claims against both Defendants, and Plaintiff refused to dismiss the Complaint (at least the First Amendment claim), they are entitled to fees and costs under section 1988.

   Plaintiff counters that regardless of whether the First Amendment Claim was dismissed after counsel for Defendants sent the letter of May 6, 2015, Plaintiff was still permitted to, and obligated to, pursue discovery of the Defendant Anthony Cox and

deposition of a witness, Mr. Stinsman, for purposes of prosecuting his CEPA claims which are currently pending in New Jersey State Court. Pl.'s Opp. to Defs.' Mot. 4 [Dkt. No. 74]. Plaintiff further responds that the May 6, 2015, letter was "only received a day or two" prior to the May 12, 2015, deposition of Anthony Cox, id., and the deposition of Mr. Stinsman was taken after Cox's deposition and before Defendants filed their motion for summary judgment. Finally, Plaintiff argues that the facts regarding CEPA's claim, which this Court did not rule on, and Plaintiff's First Amendment claims, which this Court dismissed, overlap. So, even assuming the First Amendment claim was frivolous, Plaintiff claims the same discovery would have been necessary.

It is well settled that under 42 U.S.C. § 1988, a court may, in its discretion, award attorneys' fees to a prevailing party. Id. Therefore, "a prevailing defendant may request the reimbursement of legal fees incurred in order to defend an action under [42 U.S.C. § 1983]." Boehler v. Middletown Township, CIV. No. 88-4009 (CSF), 1991 WL 49748 (D.N.J. Mar. 27, 1991). Under Section 1988, attorneys' fees and costs may be awarded to a prevailing defendant when the court finds that the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); see also Fox v. Vice, 563 U.S. 826, at 832-33 (2011)

3

(discussing Christiansburg and Section 1988); Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir. 1990) (relying upon Christiansburg).

Fees should not be awarded, however, where the plaintiff presents reasonably debatable evidence of a constitutional violation. See Brown, 903 F.2d at 278 ("We are not confronted with a case where the evidence is reasonably debatable as to whether plaintiff's claim rises to the level of a fourteenth amendment violation"). Instead, as Defendants point out, "cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment . . . . In these cases, the plaintiffs did not introduce any evidence to support their claims." E.E.O.C. v. L.B. Foster Co., 123 F.3d 746, 751 (3d. Cir. 1997) (quoting Sullivan v. School Bd., 773 F.2d 1182, 1189 (11th Cir. 1985)). Factors that should be considered in determining whether an award of attorneys' fees is appropriate include "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Id. at 751; see also id. ("These factors are, however, guideposts, not hard and fast rules.").

Certainly, the following factors weigh in favor of an award of fees:  Plaintiff failed to establish a prima facie case;

4

Plaintiff's First Amendment claim was dismissed at the summary judgment stage; and there were discussions of settlement.

Several facts favor awarding no fees. First, the deposition of Cox was relevant discovery and played a role, in part, on this Court's decision to grant summary judgment. Thus, although Defendants advised Plaintiff of their position that the First Amendment claims being pursued were legally insufficient prior to Cox's deposition, it cannot be said that Plaintiff's decision to move forward with Cox's deposition was a frivolous one. Perhaps after Cox's deposition, Plaintiff should have conceded the First Amendment claims, rather than litigating it through the summary judgment stage. That would have been the prudent thing to do. Second, a review of Plaintiff's opposition papers does not disclose any bad faith arguments, just weak arguments that did not carry the day. Finally, the Court is persuaded by Plaintiff's contention, one that Defendants do not really dispute, that the discovery would have gone forward as to Plaintiff's CEPA claim anyway. Whether the pursuit of the CEPA claim is frivolous or not is for the State Court to decide.

At the end of the day, the Court finds that the more reasonable and prudent course of action on the part of the Plaintiff would have been to dismiss the First Amendment claims against Defendants. That Plaintiff failed to do so is unfortunate, but not frivolous.

Accordingly, for these reasons, Defendants' motion for attorneys' fees will be denied.

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2017